Matter of Dagaev v Village of Highland Falls, N.Y. (2019 NY Slip Op 02703)





Matter of Dagaev v Village of Highland Falls, N.Y.


2019 NY Slip Op 02703


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-09923
 (Index No. 10185/17)

[*1]In the Matter of Katharine Dagaev, et al., appellants,
v
Village of Highland Falls, New York, et al., respondents.


Bergstein & Ullrich, LLP, New Paltz, NY (Stephen Bergstein of counsel), for appellants.
Alyse D. Terhune, Tuxedo, NY, for respondent Village of Highland Falls, New York.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, in effect, to annul a resolution of the Board of Trustees of the Village of Highland Falls dated August 25, 2017, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated June 19, 2018. The order and judgment, insofar as appealed from, granted those branches of the respondents' separate motions which were to dismiss the proceeding for lack of standing, and thereupon, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The petitioners, as alleged residents and taxpayers of the respondent Village of Highland Falls, commenced this proceeding pursuant to CPLR article 78, inter alia, in effect, to annul a resolution of the Board of Trustees of the Village (hereinafter the Board) dated August 25, 2017, approving, by a three-to-two vote, a modified disciplinary settlement agreement entered into by the Village and the Village's Chief of Police, the respondent Kenneth Scott (hereinafter the Chief). The petitioners alleged, inter alia, in effect, that the resolution should be annulled and the agreement declared null and void as violative of various provisions of Chapter 18 of the Village of Highland Falls Code (Code of the Village of Highland Falls, Chapter 18, art II, Code of Ethics), as one of the Board members who voted in favor of the resolution is the Chief's brother-in-law. The Village and the Chief separately moved to dismiss the petition on various grounds, including lack of standing. The Supreme Court granted those branches of the separate motions of the Village and the Chief which were to dismiss the proceeding for lack of standing, and thereupon, denied the petition and dismissed the proceeding. The petitioners appeal.
We agree with the Supreme Court that the petitioners lack standing to maintain this proceeding. The petitioners effectively concede that they cannot demonstrate the existence of an injury in fact (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 812; Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772), and, contrary to their contention, they do not qualify for common-law taxpayer standing (see Matter of Colella v Board of Assessors of County of Nassau, 95 NY2d 401, 410; cf. Boryszewski v Brydges, 37 NY2d 361, 364; cf. also Matter of [*2]Hebel v West, 25 AD3d 172, 176).
In light of the foregoing, we need not reach the petitioners' remaining contention.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court